IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS TORRES, on behalf of himself and other persons similarly situated,<br><br>    Plaintiff,<br>v.<br><br>INTELIQUENT, INC., and NEUTRAL TANDEM-LOUISIANA, LLC<br><br>    Defendant. | CIVIL ACTION NO 17-10022<br><br>JUDGE<br>SUSIE MORGAN<br><br>MAG. JUDGE<br>MICHAEL NORTH |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Carlos Torres Jr. brings this class action complaint and demand for jury trial against Defendant Premier Automotive, LLC to stop their practice of making unwanted and unsolicited text message calls to the cellular telephones of consumers and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. Defendant Premier Automotive, LLC is the corporate entity behind a nationwide chain of car dealerships.

2. Defendant sends short message service ("SMS" or "text message") calls to consumers' cellular telephones that unambiguously encourage the purchase of Defendant's vehicles and services.

3. Defendant does not obtain prior express written consent from consumers to make such text message calls and therefore violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. Assuming *arguendo* that Defendant did obtain the requisite consent to send telemarketing messages to consumers, Defendant deliberately stifles any attempt by consumers to revoke such consent by failing to an automated mechanism or instructions to do so.

5. The TCPA was enacted to protect consumers from unsolicited and unwanted calls, exactly like those alleged in this case. Defendant makes these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provide Defendant with their prior express written consent to receive such text messages.

6. As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff is a natural person and citizen of the state of Louisiana.

8. Defendant Premier Automotive, LLC is a Louisiana-based for-profit corporation licensed to do and doing business in Louisiana. Defendant also does business as "Toyota of New Orleans."

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District. Defendant is also incorporated in this District.

## FACTUAL ALLEGATIONS

11. On or about September 7, 2017, Defendant sent the following text message to Plaintiff's telephone number, ending 6223:

> Hey, this is Troy Duhon from Toyota of New Orleans. Are you interested in trading in your vehicle for a newer model? If so, I can help. I'd love to hear from you.

12. The individual named, Troy Duhon, did not personally initiate the message at issue.

13. The text message did not include an automated mechanism or instructions for Plaintiff to opt-out of receiving such calls.

14. Plaintiff received other telemarketing text messages from Defendant prior to September 7, 2017.

15. Plaintiff has never purchased a vehicle from Defendant.

16. Plaintiff has never provided his phone number to Defendant, nor did he provide any form of consent, written or oral, to receive telemarketing text messages on his cellular phone.

3

17. Plaintiff specifically denies that he signed the document offered at Rec. Doc. 26-3 as found in the docket of *Torres v. Inteliquent Inc. et al.*, No. 17-10022.

18. Plaintiff specifically denies that the phone number to which he received the text messages at issue in this lawsuit is enumerated anywhere in the document offered at Rec. Doc. 26-3 as found in the docket of *Torres v. Inteliquent Inc. et al.*, No. 17-10022.

19. Upon information and belief, the document offered at Rec. Doc. 26-3 as found in the docket of *Torres v. Inteliquent Inc. et al.*, No. 17-10022 relates to the Plaintiff's father, and not the Plaintiff.

20. Consequently, there was no lawful reason for the Defendant to send Plaintiff text messages.

21. Defendant used a third-party platform, DirectMail.io, to create and implement the text message marketing campaign at issue in this lawsuit.

22. Directmail.io's platform provides its clients, including the Defendant, with the capability to draft and send text messages *en masse* to thousands of phone numbers.

23. In essence, Directmail.io's platform allowed Defendant to upload thousands of phone numbers into a database, and then text those phone numbers the exact same text message automatically and randomly.

24. Defendant's use of Directmail.io's platform resulted in the delivery of thousands of telemarketing text messages to Plaintiff and Class.

25. The hardware and software used by Defendant has the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers *en masse* in an automated fashion without human intervention.

Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

26. The text messages at issue were issued by Defendant in an impersonal manner and were not addressed personally to the Class Members who received them.

27. All Class Members received the exact same (or substantially similar) text messages from the Defendant.

28. The telemarketing text messages alleged herein were exclusively made by Defendant. Defendant made, or had made on their behalf, the same (or substantially the same) text messages *en masse* to thousands of cellular telephone numbers.

29. While Defendant sent these unauthorized text message to consumers to market their products and services, it never obtained recipients' express written consent to do so. Specifically, Defendant did not send such text messages pursuant a written agreement that included a clear and conspicuous authorization for Defendant to deliver telemarketing and/or advertising messages via autodialed calls or robocalls/robotexts, or the telephone number to which a person signing authorized advertisements or telemarketing messages to be delivered.

30. Moreover, Defendant violated the TCPA by failing to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for Class Members to make a do-not-call request.

31. Through their conduct, Defendant caused Class Members actual harm by sending unauthorized text message calls at issue. Plaintiff and members of the Class were not only subjected to the aggravation that necessarily accompanies the receipt of unauthorized text

messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages. Additionally, Class Members were harmed by the inconvenience and confusion attendant to receiving ATDS calls that are not accompanied by opt-out directions.

32. Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendant's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

33. Defendant's intrusive text messages adversely affected the right to privacy of Plaintiff and Class.

34. Defendant was and is aware that the above-described text message calls were being sent on a widespread basis, and that the text message calls were being sent to consumers who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

35. **Class Definition:** Plaintiff Carlos Torres Jr. brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called as part of Defendant's text message marketing efforts.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

36. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent telemarketing text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

37. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant sent text messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

  (c)  Whether Defendant systematically sent telemarketing text messages to persons who did not previously provide it with prior express written consent to receive such text message calls;

  (d)  Whether Defendant sent telemarketing text message calls to Class Members where those messages did not include an automated opt-out mechanism or opt-out instructions; and

  (e)  Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38. **Typicality:** Plaintiffs claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

39. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

40. **Appropriateness**: This class action is also appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole,

thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

41. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
### (Willful and Knowing Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. In an effort to obtain more customers, Defendant made unsolicited and unwanted text message telemarketing calls to Plaintiff and the Class' cellular telephones without their prior express written consent.

44. Defendant sent the text message advertisements to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone

numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse.*

45. Defendant utilized equipment that sent the text message advertisements to Plaintiff and other members of the putative Class simultaneously and without human intervention.

46. By sending the text message advertisements to Plaintiff and members of the Class's cellular telephones without prior express written consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

47. By failing to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, Defendant also violated 47 U.S.C. § 64.1200(b) (3).

48. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

49. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

50. Alternatively, because Defendant's misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3), award statutory damages recoverable by the Plaintiff and the other members of the putative Class.

51. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff Carlos Torres Jr., individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Carlos Torres as Class Representative and his attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(h) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*
Roberto Luis Costales, Esq.
William H. Beaumont, Esq.
Emily A. Westermeier, Esq.
Jonathan Mille Kirkland, Esq.
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*