IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS TORRES, on behalf of himself and other persons similarly situated,<br><br>  Plaintiff,<br>v.<br><br>INTELIQUENT, INC., and NEUTRAL TANDEM-LOUISIANA, LLC<br><br>  Defendants. | CIVIL ACTION NO 17-10022<br><br>JUDGE<br>SUSIE MORGAN<br><br>MAG. JUDGE<br>MICHAEL NORTH |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant mistakes the standard that governs automatic telephone dialing system ("ATDS") allegations in Telephone Consumer Protection Act complaints. It argues that Torres must plead the technical details of the ATDS allegedly used; yet courts have specifically rejected this requirement. Defendant then invokes a recent ruling from the United States Court of Appeals for the District of Columbia to argue that Torres' complaint is defective. This argument also misses the mark, as the D.C. Circuit opinion does not relate to the precedent that governs pleading an ATDS. Under the correct standard, Torres states a claim. For these reasons, the motion to dismiss should be denied.

  **i.   The ATDS Pleading Standard**

Despite the fact that it asks the Court to dismiss Torres' complaint for failing to plead an ATDS, Defendant never identifies the actual standard used by courts to evaluate ATDS allegations. Subsection "A" argues that Torres' complaint lacks "factual content" regarding the specifics of the the "hardware and software" used to send the text messages; and subsection "B" argues that,

interpreting the language of the statute, Torres fails to state a claim. But these are not the standards by which Torres' complaint must be judged.

A review of the caselaw indicates that there are essentially two approaches to what a TCPA plaintiff must plead regarding a defendant's use an ATDS. "[S]ome courts have held that a bare allegation that a defendant used an ATDS is enough to survive a motion to dismiss, conceptualizing such allegations as facts rather than threadbare recitals of an element of the cause of action[,]" *Ready v. Synchrony Bank*, No. 17-00434, slip op. at 8 (D. Me. Apr. 6, 2018); and others "require some additional factual allegations, no matter how minor, in addition to parroting the language of the statute." *Reo v. Caribbean Cruise Line, Inc*., No. 14-1374, slip op. at 8 (N.D. Ohio Mar. 18, 2016). *See generally Sojka v. DirectBuy, Inc*., 35 F. Supp 3d 996, 1002-3 (N.D. Ill. 2014) (noting that there are "conflicting line[s] of cases" and collecting opinions).

Regardless of which standard is used, courts "agree that it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS[,]" *Johansen v. Vivant, Inc*., No. 12-7159, slip op. at 7 (N.D. Ill. Dec. 18, 2012); and that "it would be virtually impossible, absent discovery, for any [TCPA] plaintiff to gather sufficient evidence regarding the type of [ATDS] used for a communication [with a plaintiff]." *Torres v. Nat'l Enter. Sys., Inc*., No. 12-cv-02267, slip op. at 9 (N.D. Ill. Aug. 7, 2012). Consequently, those courts that require more than the simple allegation that an ATDS was used only require the plaintiff to "describe *anything* about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS." *Sojka* at 1003 (quotations omitted) (emphasis added). *See also Cunningham v. TechStorm, LLC*, No. 16-02879, slip op. at 5 (N.D. Tex. Feb. 23, 2017) ("Courts have noted `the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery' and found that courts

2

can rely on details about the call to infer the use of an ATDS.") (quotations omitted). "Requiring more would make defendants virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA." *Mauer v. American Intercontinental University Inc., et al.*, No. 16-01473, slip op. at 8 (N.D. Ill. Sept 7, 2016).

When it comes to the higher pleading standard, courts have repeatedly held that text messages with generic sales language that are not directed to the recipient of the text are satisfactory. *See, e.g., Strickler v. Bijora, Inc.*, No. 11-3468, slip op. at 5 (N.D. Ill. Oct. 30, 2012), *Jenkins v. Opera Night Club*, No. 14-2791, slip op., at 10 (N.D. Ga. Mar. 9, 2016); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010); *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014); *Maier v. J.C. Penney Corp., Inc.*, 13-CV-0163, slip op. at 6-7 (S.D. Cal. June 13, 2013); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130 (W.D. Wash. 2012).

Here, the Court need not determine which ATDS pleading standard should apply because Torres states a claim under both. First, he specifically alleges that Defendant used an ATDS. (*See, e.g.,* SAC ¶ 25). Second, he uses "laymen's terms [to] describe the surrounding circumstances that give rise to the inference that an ATDS…was used." *Mauer*, slip op. at 8. He specifically alleges that Defendant used a third-party computer platform (called "Directmail.io") to mass-text messages to thousands of phone numbers randomly and automatically. (SAC ¶¶ 23-25). Torres alleges that the purported sender of the text message, Troy Duhon, did not personally initiate the text message. (SAC ¶ 12). He alleges that he never purchased a vehicle from Defendant, (SAC ¶ 15), and that he never provided his phone number to Defendant. (SAC ¶ 16). The text message itself was not addressed to Torres. (SAC ¶ 26). The use of an ATDS is further suggested by the fact that Defendant makes an unsolicited offer to do business with Torres, despite the fact that he

"had no other reason to be in contact with Defendants." *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010).

Defendant claims that Torres' allegations fall into "one of two categories," either (1) allegations regarding Directmail.io or (2) "one general paragraph" referring to the "hardware and software" used by Defendant. (Def.'s Mot. to Dismiss, R. Doc. 42-1 at 6). This analysis completely misses the third category of Torres' allegations, illustrated above, and which actually govern Defendant's motion. Defendant should not be surprised, as the three TCPA cases on which it relies all invoke some form of it. *See Kramer* at 1171 (when "read as a whole" the plaintiff's complaint sufficiently pleads an ATDS where the text messages were advertisements written in an impersonal manner and plaintiff had no reason to be in contact with defendant); *Brickman v. Facebook*, 230 F. Supp. 3d 1036, 1041 (N.D. Cal. 2017) (reviewing the "content" and the "context" of the text messages in making a determination about ATDS allegations); *Duguid v. Facebook, Inc.*, Case No. 15-00985, slip op. at 8 (N.D. Cal. Mar. 24, 2016) (quoting *Kramer* and recognizing that the impersonal, advertising nature an alleged text message "support[s] the inference that an ATDS was used.")[1]

Even according to the higher ATDS pleading standard, Torres is only required to show "minor" corroborating facts. This cannot be read to mean that Torres must plead the technical intricacies of the hardware or software used by Defendant prior to doing any discovery. Applying the correct standard to Torres' complaint indicates that he states a claim under the TCPA, and that Defendant's motion to dismiss should be denied.

---

[1] It is worth noting that unlike this case, the plaintiffs in both *Brickman* and *Duguid* were Facebook users who appeared to be specifically targeted—not randomly dialed—regarding specific activity that occurred relative to their respective Facebook accounts.

### ii. The D.C. Circuit's Opinion in ACA is Immaterial to Defendant's Motion

Defendant's third and final argument, embodied in subsection "C" of their brief, claims that Torres' complaint must allege the "capacity" of the ATDS to randomly or sequentially dial telephone numbers; and because the D.C. Circuit set aside the 2015 FCC order regarding "capacity," Torres (nor any other TCPA plaintiff) can successfully plead a case until new rulemaking is conducted. This argument is another example of Defendant relying on the faulty premise that Torres must plead the precise details of Defendant's ATDS to state a claim. To the extent that Defendant is saying this case should be stayed, such stay should be denied.

First, and as already argued at length, Torres is not required to plead specific technical details about the capacity of Defendant's equipment to dial phone numbers. The D.C. Circuit's opinion in *ACA International, et al. v. FCC*, No. 15-1211, (D.C.C. Mar. 16, 2018), did not undo the body of caselaw finding TCPA plaintiffs are at a disadvantage when pleading specific ATDS technology, and so need only plead facts that suggest the use of one. The nuts and bolts of the machine(s) used by Defendant will become relevant in later stages of this case, but they are not germane to the sufficiency of Torres' complaint.

Second, Defendant is essentially arguing for a discretionary stay. ("Torres's claim is, at best, premature until the FCC issues clarifies on what equipment qualifies as an ATDS." Def.'s Mot. to Dismiss, R. Doc. 42-1 at 14). As the party seeking a discretionary stay, Defendant bears the burden of justifying it; and courts should be mindful that "[o]nly in rare circumstances [should] a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545-46 (5th Cir. 1983) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). "Further, before

granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the "other case[.]" Id.

Here, there is no "other case." The D.C. Circuit opinion, and the FCC order it ruled upon, were a combined three years in the making. Because there is no telling when (and even "if," as the D.C. Circuit did not order the FCC to revisit its definition of "capacity") there might be a new round of rulemaking, it is impossible to estimate when that rulemaking might take place. And that assumes that the new FCC rule will not be appealed—like it was in 2015—to become the rallying cry for TCPA defendants everywhere to request discretionary stays. "[C]ourts…around the country…have granted stays of cases involving the TCPA pending the decision in *ACA International* and resolution of the definition of the word "capacity." *Clayton v. Synchrony Bank*, 219 F. Supp. 3d 1006, 1010-11 (E.D. Cal. 2016) (comparing cases granting and denying stays).

So now Defendant is suggesting *another* stay. Apparently, Defendant would have all TCPA litigation stayed over and over again until there is some form of law on the books it is happy with. All the while, American citizens continue to be harassed on their telephones. Nothing prevents this Court from interpreting and applying the TCPA. Already, other courts have done so with regard to what is an ATDS. *See, e.g.*, *Marshall v. The CBE Group, Inc.*, No. 16-2406, slip. op (D. Nev. Mar. 30, 2018) (not "stray[ing] from the language of the statute," "in light of [the] ruling" in *ACA International* and granting a defendant's summary judgment motion regarding its equipment being an ATDS). Torres should not be compelled to sit on the sidelines as other plaintiffs and other courts make law and precedent that might affect the outcome of his claim. The Court and the parties are more than equipped to adjudicate this dispute.

In sum, Defendant's motion argues the wrong standard. Torres pleads enough facts under the correct one, and Defendant's motion should be denied.

*Respectfully submitted:*

*/s/ Jonathan Mille Kirkland*

_____
BEAUMONT COSTALES LLC
Roberto Luis Costales, Esq.
William H. Beaumont, Esq.
Jonathan Mille Kirkland, Esq.
3801 Canal Street, Suite 207
New Orleans, Louisiana 70119
Telephone: (504) 534-5005
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2018 a copy of this Motion was served on counsel for Defendants via the Court's CM/ECF system.

*/s/ Jonathan Mille Kirkland*