UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS TORRES,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-10022 |
| INTELIQUENT, INC., ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant Premier Automotive, L.L.C., requesting that the Court dismiss the second amended complaint filed by Carlos Torres pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The motion is opposed.[2] Defendant filed a reply,[3] and both parties submitted supplemental briefing.[4] For the following reasons, the motion is **DENIED.**

## BACKGROUND

On October 3, 2017, Plaintiff brought an action against Defendants Inteliquent, Inc. and Neutral Tandem-Louisiana LLC on behalf of himself and a class of persons "whose wireless telephone number Defendants, or someone on Defendants' behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent of the called party."[5] Plaintiff brought the class action under the Telephone Consumer Protection Act ("TCPA") "to stop their practice of making unlawful and unsolicited text message calls to the cellular telephones of consumers and to obtain redress for all persons injured by their conduct."[6] On November 1, 2017, Plaintiff

---

[1] R. Doc. 42.
[2] R. Doc. 46.
[3] R. Doc. 50.
[4] R. Doc. 53 (Plaintiff's Supplemental Memorandum); R. Doc. 54 (Defendant's Supplemental Memorandum).
[5] R. Doc. 1 at 7.
[6] *Id.* at 1.

1

amended his complaint to add Premier Automotive, LLC and Twilo, Inc. as defendants.[7] Plaintiff dismissed defendants Ineliquent, Inc. and Twilo, Inc. on January 31, 2018[8] and dismissed defendant Neutral Tandem-Louisiana, LLC on February 6, 2018.[9]

The Court granted Plaintiff leave to file his second amended complaint,[10] which he filed on March 13, 2018.[11] Plaintiff's second amended complaint brings the class action against Premier Automotive, LLC on behalf of himself and those "whose wireless telephone number Defendant, or someone on Defendant's behalf, called as part of Defendant's text message marketing efforts."[12] Plaintiff's second amended complaint again alleges a violation of the TCPA.[13] More specifically, Plaintiff alleges the following:

> Defendant used a third-party platform, DirectMail.io, to create and implement the text message marketing campaign at issue in this lawsuit. DirectMail.io's platform provides its clients, including the Defendant, with the capability to draft and send text messages en masse to thousands of phone numbers. In essence, DirectMail.io's platform allowed Defendant to upload thousands of phone numbers into a database, and then text those phone numbers the exact same text message automatically and randomly. Defendant's use of DirectMail.io resulted in the delivery of thousands of telemarketing text messages to Plaintiff and Class. The hardware and software used by Defendant has the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers en masse in an automated fashion without human intervention. [14]

Premier Automotive filed the instant motion to dismiss on March 27, 2018, arguing that Plaintiff failed to state a claim for a violation of the TCPA because he did not properly plead that an automated telephone dialing system ("ATDS") was used.[15]

---

[7] R. Doc. 5.
[8] R. Doc. 28 (Motion to Dismiss); R. Doc. 29 (Order granting Motion to Dismiss).
[9] R. Doc. 31 (Notice of Voluntary Dismissal).
[10] R. Doc. 38.
[11] R. Doc. 39.
[12] *Id.* at ¶ 35.
[13] R. Doc. 39.
[14] *Id.* at ¶¶21-25.
[15] R. Doc. 42.

# **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[16] The Supreme Court set forth the standard for evaluating a motion to dismiss in *Bell Atlantic Corp. v. Twombly*[17] and *Ashcroft v. Iqbal*.[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] A "formulaic recitation of the elements of a cause of action" will not suffice.[20] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[23]

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions."[24] "Factual allegations must be enough to raise a right to relief above the speculative level."[25] "[W]here the well-pleaded facts do not permit the court to infer more

---

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[17] 550 U.S. 544.
[18] 556 U.S. 662 (2009).
[19] *Id.* at 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[20] *Twombly*, 550 U.S. at 555.
[21] *Iqbal*, 556 U.S. at 678 (citations omitted).
[22] *Id.*
[23] *Id.* (quoting *Twombly*, 550 U.S. at 556).
[24] *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir.2010) (citing *Twombly*, 550 U.S. at 556).
[25] *Twombly*, 550 U.S. at 555.

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[26] The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff.[27] A complaint should not be dismissed simply because the Court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.[28] Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears that recovery is very remote and unlikely.[29] "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."[30]

## LAW AND ANALYSIS

Defendant's 12(b)(6) motion to dismiss contends Plaintiff fails to state a claim for a violation of the TCPA because Plaintiff fails to allege that an ATDS or a "random or sequential number generator" was used to send the text message he purportedly received.[31] The TCPA prohibits telephone calls and/or text messages sent using an ATDS, unless the parties have a prior business relationship or the recipient has given express consent.[32] The statute defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[33] The court must determine what level of detail is required to allege a violation of the TCPA.

---

[26] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[27] *Id.* at 554–56.
[28] *Id.* at 556.
[29] *Id.*
[30] *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir.2009).
[31] R. Doc. 42-1 at 5; R. Doc. 50 at 1-2; R. Doc. 54 at 1, 4.
[32] 47 U.S.C. § 227.
[33] *Id.*

4

The Federal Rules of Civil Procedure require a plaintiff only to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[34] This standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] In some TCPA cases, courts have found sufficient a complaint that contains only a bare recitation that an ATDS was used.[36] These courts accept the allegation that an ATDS was used as a factual allegation, similar to the factual allegation that a defendant was negligent[37] or that a defendant is plaintiff's employer,[38] and reason that "it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used" to justify a higher pleading standard.[39]

Other courts require a layman's description of some facts that allow the court to draw a reasonable inference that an ATDS was used, in addition to reciting the language of the statute or alleging conclusively that an ATDS was used.[40] These courts require TCPA plaintiffs to provide facts such as the generic content of the message received, the context in which it was received, the existence of similar messages, "or anything else about

---

[34] FED. R. CIV. P. 8(a)(2).
[35] *Iqbal*, 556 U.S. at 678.
[36] *See, e.g., Hashw v. Dep't Stores Nat'l Bank*, 986 F.Supp.2d 1058, 1061 (D. Minn. 2013) ("Hashw has pleaded that an ATDS was used to make the calls to his cellular phone. As the Court must accept that allegation as true at this juncture, nothing more is required to state a claim for relief under the TCPA.") (citation omitted); *Torres v. Nat'l Enter. Sys., Inc.*, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012) (plaintiff's allegation that defendant used an ATDS or an artificial or prerecorded voice sufficed to avoid dismissal for failure to state a claim); *Buslepp v. B & B Entm't, LLC*, 2012 WL 1571410, at *1 (S.D. Fla. May 3, 2012) ("the allegation that Defendant used [an ATDS] . . . is a factual allegation under *Twombly* and *Iqbal*").
[37] *See* FED. R. CIV. P. APP., Form 11 ("On date, at place, the defendant negligently drove a motor vehicle against the plaintiff.")
[38] *See Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir.2010) (allegation that plaintiff was "employed" by defendant was sufficient, without further facts, to establish employment relationship at motion to dismiss stage).
[39] *Torres*, 2012 WL 3245520 at *3.
[40] *See, e.g., Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, *4 (N.D. Ohio Mar. 18, 2016); *Brailey v. F.H. Cann & Assoc.*, 2014 WL 7639909, *8 (W.D. La. Dec. 5, 2014) (R&R adopted, *Id.* R. Doc. 26); *Crawford v. Target Corp.*, 2014 WL 5847490 (N.D. Tx. Nov. 10, 2014); *Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, *6 (E.D.N.Y. Mar. 21, 2014); *Johansen v. Vivant, Inc.*, 2012 WL 6590551, *3 (N-D. Ill. Dec. 18, 2012).

the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS."[41]

There is no binding Fifth Circuit precedent on the level of factual allegations required to properly plead that an ATDS was used, but district courts in the Fifth Circuit have required little beyond an allegation that an ATDS was used and some facts to support that inference.[42] For example, in *Crawford v. Target Corp.*, the plaintiff alleged sufficient facts to state a claim under the TCPA when she alleged that the defendant "started calling her cellular telephone four times per day," that "she experienced periods of silence before hearing a live representative on the line," and "that Defendant placed the calls using an artificial or prerecorded voice as well as an ATDS or predictive dialer."[43] In *Brailey v. F.H. Cann & Associates* the court found the plaintiff did not allege sufficient facts to support the inference that an ATDS was used when he failed to enhance the complaint with anything more than the language in the statute. [44]

In this case, Plaintiff alleges "by utilizing an ATDS, Defendant violated 47 U.S.C. 227."[45] In addition to this conclusory allegation, Plaintiff pleads sufficient additional facts from which the use of an ATDS may be inferred. As usual, the Complaint was prepared and filed before any discovery, but Plaintiff does provide a layman's description of some facts that allow the inference that an ATDS was used.[46] Plaintiff alleges that Defendant "used a third-party platform, DirectMail.io, to create and implement the text message

---

[41] *Johansen*, 2012 WL 6590551 at *3; *see also Brailey*, 2014 WL 7639909 at *8.
[42] *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, *2 (S.D. Miss. Nov. 12, 2015) (finding "no binding precedent within the Fifth Circuit with respect to the types of allegations required to raise a right to relief above the speculative level in a TCPA action"); *Brailey*, 2014 WL 7639909 at *8 (noting the lack of Fifth Circuit precedent on the level of facts required to properly plead that an ATDS was used).
[43] *Crawford*, 2014 WL 5847490 at *3.
[44] *Brailey*, 2014 WL 7639909 at *8 (finding that plaintiff "need not plead specific technical details . . . but must describe, in laymen's terms, the facts about the call or the circumstances surrounding the call that make it plausible that the call was made using an ATDS").
[45] R. Doc. 39 at ¶ 46.
[46] *Id.* at ¶¶ 25, 41; *see also Brailey*, 2014 WL 7639909 at *8.

marketing campaign at issue,"[47] that Plaintiff received a text message from Defendant "in an impersonal manner," and that the text messages "were not addressed personally to the class members who received them."[48] Plaintiff also provides the text of the text message, "Hey, this is Troy Duhan from Toyota of New Orleans. Are you interested in trading in your vehicle for a newer model? If so, I can help. I'd love to hear from you."[49] Plaintiff alleges he did not give his express consent to receive telemarking text messages from Defendant,[50] he did not have a prior business relationship with Defendant, and he never purchased a vehicle from Defendant. [51] Because little is required to properly allege a violation of the TCPA and because Plaintiff provides some facts to complement his allegation that an ATDS was used, the allegations in the second amended complaint allow the court to infer that an ATDS was used.[52] It would be unreasonable, at this juncture, to hold Plaintiff to a higher standard because "it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used" to justify a higher pleading standard.[53] Although the Court may ultimately determine DirectMail.io does not qualify as an ATDS as a matter of law, the allegations in the second amended complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[54] At this stage, Plaintiff has sufficiently alleged a violation of the TCPA. Defendant's motion to dismiss is denied.

Accordingly;

---

[47] R. Doc. 39 at ¶ 21.
[48] *Id.* at ¶¶ 26-27.
[49] *Id.* at ¶ 11.
[50] *Id.* at ¶ 16.
[51] *Id.* at ¶¶ 15, 20.
[52] *See Ashcroft*, 556 U.S. at 678.
[53] *Torres*, 2012 WL 3245520 at *3.
[54] *Ashcroft*, 556 U.S. at 678.

**IT IS ORDERED** that Defendant Premier Automotive, L.L.C.'s motion to dismiss[55] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Premier Automotive, L.L.C.'s request for a stay until the FCC provides further guidance[56] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Premier Automotive, L.L.C.'s request for oral argument[57] is **DENIED AS MOOT**.

**New Orleans, Louisiana, this 6th day of November, 2018.**

                                        **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[55] R. Doc. 42.
[56] R. Doc. 42-1 at 2.
[57] R. Doc. 43.